UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **GEORGE KING** | : | **DOCKET NO. 2:06-cv-0063**<br>**Section P** |
| **VS.** | : | **JUDGE MINALDI** |
| **ALBERTO GONZALES, ET AL.** | : | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, George King, filed pursuant to 28 U.S.C. § 2241. In his petition, the petitioner challenges his post-removal-order detention. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. §636(b)(1)(B).

## FACTS

Petitioner was born in Manchester, Jamaica on August 28, 1963. He lasted entered the United States in December, 1988 without inspection. *See* Government Exhibit 1.

On August 25, 1993, an Order to Show Cause was issued against petitioner charging him with being deportable under former INA § 241(a)(1)(B) as an alien who entered without inspection and under former INA § 241(a)(2)(C) as an alien convicted of a weapons violation. *See* Government Exhibit 2. An arrest warrant was also issued for petitioner. He was served with these documents on January 3, 1994. *See* Government Exhibit3. At that time, petitioner was notified that he was to be released upon the posting of a $15,000 bond. *See* Government Exhibit 4. The bond was posted on February 1, 1994 by the International Fidelity Insurance Company, and petitioner was released from custody. *See* Government Exhibits 7 & 8.

Petitioner did not appear for his deportation hearing on February 3, 1994, and on March 7, 1994, petitioner was ordered deported to Jamaica after *in absentia* proceedings. *See* Government Exhibit 9.

Thereafter, petitioner was ordered to report to Oakdale, Louisiana for deportation, and the International Fidelity Insurance Company was notified of the breach of bond and directed to surrender petitioner to the custody of the INS for deportation.

Petitioner remained a fugitive from United States immigration officials until June 30, 2005, when the U.S. Immigration & Customs Enforcement (ICE) issued an immigration detainer to the New York Police Department for petitioner. Petitioner came into the custody of ICE on July 11, 2005. Since that time, ICE has contacted the Consulate of Jamaica numerous times in an attempt to obtain a travel document for petitioner. There is apparently some confusion regarding petitioner's identity, and the Jamaican Consulate requested additional identification documents in November, 2005 in order to verify petitioner's identity as a Jamaican national.

Petitioner filed this petition on January 9, 2006 seeking to have the court order his release from post-removal-order custody. In support of his request, the petitioner claims that he has been detained beyond the presumptively reasonable removal period established by the Supreme Court in *Zadvydas v. Davis,* 121 S.Ct. 2491 (2001).

On January 19, 2006, Lyle Boelens, a deportation officer, issued a Post-Order Custody Review Update for petitioner which recommended that petitioner be continued in detention pending his eventual removal. The update stated: "The Jamaican Consulate is willing to issue a travel document for subject once they have verified where subject was born. Consulate is still waiting for verification from the Government of Jamaica. Subject's removal is imminent; therefore subject is a flight risk." *See* Government Exhibit 25.

Subsequent to this update, Craig Robinson issued a custody determination for petitioner on February 7, 2006, wherein he decided that petitioner should be released from custody to an Order of Supervision conditioned upon the posting of a $10,000 bond. *See* Government Exhibit 26. Petitioner was notified of this decision on February 16, 2006. At that time petitioner was also informed that another telephonic interview could be set up with the Jamaican Consulate so that petitioner could provide additional information which might assist in the issuance of a travel document for petitioner's removal.

2

*Id.*

In light of these facts, the respondent seeks to have the court deny and dismiss the petition. Specifically, the respondent argues that the petitioner has not shown that his removal is not likely to occur in the reasonably foreseeable future because the Jamaican Consulate has indicated a willingness to issue a travel document once petitioner's identity as a Jamaican national is verified and that efforts to verify petitioner's identity are continuing. Additionally, the respondent points out that petitioner will be released to an Order of Supervision once he satisfies the conditions of release, i.e. posting a $10,000 bond, providing ICE with sponsor information, including the name, an exact address, and a good telephone number for any sponsor, and having sufficient funds for travel in his account. *See* Government Exhibit 26.

## LAW AND ANALYSIS

Petitioner is being detained in post-removal-order custody pursuant to INA § 241(a)(6). He challenges his detention as unlawful in light of the Supreme Court's holding in *Zadvydas v. Davis*, 121 S.Ct. 2491 (2001) that an alien may not be detained beyond a period of time reasonably necessary to secure his removal.

Since the filing of this petition, ICE has rendered a decision which allows for petitioner's release from detention upon the posting of a $10,000 bond. This court must consider whether the imposition of such a condition on release is lawful under *Zadvydas*.

In *Zadvydas,* the Supreme Court held that indefinite detention of a removable alien is not constitutionally permissible and that the length of time that an alien can be detained pursuant to INA §241(a)(6) is constitutionally limited "to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas,* 121 S.Ct. at 2498. Once it is determined that there is no significant likelihood of removal in the reasonable foreseeable future, the alien's detention is no longer authorized by statute. *Id.* at 2504. In such a case, the alien should be released from custody. However, the alien's release does not entitle him to "live at large" but rather to be released to supervision, under conditions which cannot be violated. *Id.* at 2502. The Supreme Court stated that "the alien's release may

3

and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon violation of those condition." *Id.* at 2504. The Supreme Court then observed that 8 CFR § 241.5 establishes the conditions of release which may be imposed upon an alien under an order of removal. *Id.; Doan v. Immigration & Naturalization Service*, 311 F.3d 1160, 1161 (9th Cir. 2002). These conditions include the posting of a bond.

Nevertheless, it appears from the limited jurisprudence, that the bond imposed on the alien must be reasonable under the circumstances and not prevent the alien's release because of the inability to pay it. *Doan,* 311 F.3d at 1162; *Shokeh v. Thompson,* 369 F.3d 865, 872 (5th Cir. 2004), *vacated by* 375 F.3d 351 (5th Cir. 2004). In this case, the respondent argues that the $10,000 bond imposed on the petitioner is reasonable under the circumstances. As support for the reasonableness of the bond, the respondent points to petitioner's criminal history, his lack of family or community ties within the United States, his lack of vocational training, and his failure to appear in 1994 when released on a $15,000 immigration bond. Additionally, the respondent states that if petitioner is unable to afford the present bond, he may seek review of the bond amount by ICE. *See Shokeh v. Thompson*, 375 F.3d 351 (5th Cir. 2004)(petitioner was released by ICE without bond upon showing that he was unable to post $5000 bond). The petitioner has presented no argument or evidence regarding the reasonableness of the bond or his ability to pay it. Thus, there is nothing before the court which indicates that petitioner remains in custody because of his inability to pay the bond.[1]

Accordingly, the court finds that conditioning petitioner's release on the posting of a bond is permissible, that there is nothing before the court which indicates that the bond imposed is unreasonable, and that petitioner's continued detention pending the fulfillment of this condition is lawful. For these reasons,

---

[1] In order to obtain his release under the Order of Supervision, petitioner was also required to provide information about a sponsor and to have sufficient funds for travel. *See* Government Exhibit 26. Additionally, the evidence in the record indicates that when petitioner was notified of the decision that he would be released upon the posting of a $10,000 bond, he was also given the option of setting up another interview with the Jamaican Consulate. The handwritten note on the bottom of Exhibit 26 states that it is "Alien's Choice!" regarding whether to comply with the conditions of his release or set up another interview.

IT IS RECOMMENDED that this petition be DENIED and DISMISSED.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 12th day of May, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE